LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. Tamra and Joseph King were married in 1990. The parties separated in March 2009, and Tamra filed for divorce in the Yazoo County Chancery Court in June 2009. Ultimately, the parties agreed to a divorce on the ground of irreconcilable differences. The parties further agreed Tamra would retain custody of the couple’s two minor children and Joseph would pay $805 per month in child support.
¶ 2. After a trial, the chancellor distributed the marital estate, set the children’s visitation with Joseph, and denied requests for alimony. Tamra now appeals, asserting the chancellor erred in: (1) dividing the marital estate; (2) failing to find Joseph committed fraud by filing an inaccurate Rule 8.05[1] financial statement; (3) attempting to equitably divide the couple’s assets without requesting an accurate Rule 8.05 form from Joseph; (4) determining Joseph’s earning capacity; (5) finding she owned several acres of land; and (6) finding she disposed of marital assets.
STANDARD OF REVIEW
¶ 3. We afford chancellors much discretion in our review of domestic-relations cases. Steiner v. Steiner, 788 So.2d 771, 777 (¶ 18) (Miss.2001). This Court will not disturb a chancellor’s findings unless they are manifestly wrong or clearly erroneous, or the chancellor applied an erroneous legal standard. Mizell v. Mizell, 708 So.2d 55, 59 (¶ 13) (Miss.1998).
DISCUSSION
I. DIVISION OF MARITAL ESTATE
¶4. The central issue of Tamra’s appeal is whether the chancellor erred in dividing the marital estate. Specifically, Tamra claims the chancellor erred in failing to award her a percentage of Joseph’s pension from the United States Navy. Joseph’s monthly income of $1,597 consisted of his $1,144 per month pension and his $453 per month in military disability benefits.[2] The chancellor ordered a valuation of Joseph’s pension, which stated the future income stream was valued between $405,238.05 and $474,707.78, depending upon the cost-of-living adjustment.
¶ 5. Upon review of the record, we can find no error by the chancellor. The chancellor made comprehensive findings in dividing the marital estate and followed the Ferguson[3] factors in doing so. The chancellor did not specifically state that the military pension was a marital asset. However, it is clear the chancellor viewed the pension as a marital asset, as the chancellor cited to case law recognizing that a chancery court has authority, where equity so demands, “to order a fair division of property accumulated through the joint contributions and efforts of the parties,” including military pensions. See Brown v. Brown, 574 So.2d 688, 690 (Miss.1990). *168 The separate opinion is' correct that Tamra does have an interest in Joseph’s military-retirement for the years the couple was married. However, that does not mean Tamra is automatically entitled to a portion. As we previously stated, it is within the chancellor’s discretion to determine whether equity demands such a division. In this instance, the chancellor determined that Joseph’s military pension was his only source of income and that “Tamra’s request for one-half of [Joseph’s] future monthly retirement would leave [Joseph] with $572 per month. [Joseph] would not be able to pay his child support of $305 and live.” The chancellor noted that Tamra’s gross monthly income of approximately $4,100 was more than twice that of Joseph and that awarding her half of his pension would be inequitable. The chancellor ultimately awarded the majority of the assets to Tamra, finding this eliminated the need to award alimony. This issue is without merit.
II. & III. RULE 8.05 FINANCIAL STATEMENT
¶ 6. Tamra contends the chancellor erred in failing to find Joseph committed fraud on the court by filing an erroneous Rule 8.05 financial statement. Tamra complains Joseph did not submit proof of his military retirement and other sources of income in his statement. Joseph’s Rule 8.05 statement includes his monthly income from his pension and disability checks from the Navy. Joseph did admit he sold farm products such as eggs and chickens but testified he made no profit off the sale of these items. Joseph further testified he had $1,000 in cash, which he did not list on his Rule 8.05 statement. It is clear from the record that the chancellor was aware Joseph had $1,000 in cash not listed in his financial statement and was aware of Joseph’s sources of income from his pension and disability checks. The chancellor also entered an order requiring a valuation of Joseph’s Navy pension be performed and submitted for her review prior to her division of the marital assets. Tamra is correct that the intentional filing of a substantially false Rule 8.05 financial statement constitutes a fraud on the court. See Trim v. Trim, 33 So.3d 471, 478 (¶ 17) (Miss.2010). However, we find no evidence that Joseph intentionally filed a substantially false Rule 8.05 statement. These issues are without merit.
IV. JOSEPH’S EARNING CAPACITY
¶ 7. In her next issue, Tamra contends the chancellor erred in determining Joseph’s earning capacity was $1,597, or the total of his pension and disability checks. However, from the evidence presented, we can find no error by the chancellor. In addition to his monthly pension, Joseph received disability benefits due to back and leg problems. Joseph testified he had certain skills and could perform work on his property, and he was not able to work for an extended period of time. Tamra offered no definitive proof to the contrary. This issue is without merit.
V. LAND OWNERSHIP
¶ 8. Tamra claims the chancellor erred in finding she acquired three to four acres of land after the parties separated. Tamra contends she was renting the property, including the residence on the property. The chancellor determined the property to be nonmarital and noted there was no evidence offered as to the value of the land. The chancellor found the property was purchased after the parties separated; thus, the property was ■ Tamra’s separate property and not subject to equitable distribution. Even if the chancellor mischar-acterized this piece of property, we find no error. The chancellor determined the prop *169 erty to be Tamra’s separate property and did not consider it in equitably dividing the assets. This issue is without merit.
VI. DISSIPATION OF MARITAL ASSETS
¶ 9. Tamra contends the chancellor erred in finding she disposed of marital assets after the separation, specifically thirty goats. Tamra claims the goats belonged to her daughters. Tamra and her daughters took the goats when they moved out of the marital home. Regardless, the chancellor placed no value on the goats. This issue is without merit.
¶ 10. Tamra further claims the chancellor underestimated Joseph’s dissipation of the marital assets. After the separation, Joseph cashed in his life-insurance policy, receiving approximately $22,269, and a mutual fund, receiving $6,740.70. However, as previously stated, the chancellor made detailed findings on the Ferguson factors and took into account Joseph’s dissipation of his life-insurance policy and other relevant items in dividing the marital estate. This issue is without merit.
¶ 11. THE JUDGMENT OF THE YA-ZOO COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., . ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. FAIR, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY ROBERTS, J.; GRIFFIS, P.J., MAXWELL AND JAMES, JJ., JOIN IN PART. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED IN PART BY JAMES, J. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.

. UCCR 8.05.

. Joseph’s military disability benefits are not subject to equitable distribution. Mallard v. Burkart, 95 So.3d 1264, 1273 (¶ 23) (Miss.2012).

. Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994).